IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HELBERT ARDILA | ) |
| | ) |
| v. | ) NO. 3:20-01066 |
| | ) |
| THE STATE OF TENNESSEE; | ) |
| TENNESSEE DEPARTMENT OF LABOR; | ) |
| TENNESSEE DEPARTMENT OF HUMAN | ) |
| RESOURCES; and FRED GASTON | ) |

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered January 5, 2021 (Docket Entry No. 5), this *pro se* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion (Docket Entry No. 28) of Defendant Fred Gaston, in his individual capacity, to be dismissed from the lawsuit. Plaintiff has responded in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that Defendant Gaston be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Helbert Ardila ("Plaintiff") is a resident of Nashville, Tennessee. On December 11, 2020, he filed this *pro se* lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 against the State of Tennessee, the Tennessee Department of Labor, the Tennessee Department of Human Resources, and Assistant Commissioner Fred Gaston ("Gaston"). *See* Complaint (Docket Entry No. 1). Alleging unlawful retaliation and discrimination based on race, gender/sex, and national origin, he seeks various forms of relief,

including a claim for damages against Defendant Gaston for "abuse of power and acting in bad faith causing personal damages." *Id*. at 6.

Plaintiff asserts that he began his employment with the Tennessee Department of Labor ("TNDOL") as a part-time employee and was promoted to a full-time employee in March 2019. He alleges that he experienced workplace harassment from two of his co-workers because of his race (Hispanic), national origin (Columbian), and sexuality (homosexual), and that the harassment became so bad that he filed a workplace complaint with the Department's human resources division on June 14, 2019. He asserts that his complaint was dismissed on July 11, 2019, and that, despite having no previous write-ups or disciplinary actions, he was terminated from his employment on July 23, 2019, without cause. Attached to Plaintiff's complaint is a copy of the written notice of dismissal that he received, which provides no reason for the dismissal but informed him, that as an initial probationary employee, he had no right to an internal appeal of his dismissal. *See* Dismissal Notice (Docket Entry No. 1-1 at 3).

After losing his job, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2019, alleging that he had been terminated from employment as retaliation for engaging in protected activity when he filed his workplace complaint of harassment. *See* Charge (Docket Entry No. 1-1 at 2). The EEOC ultimately dismissed the Charge and issued Plaintiff a right-to-sue letter. *See* Docket Entry No. 1-1 at 1.

In lieu of an answer, Defendant Gaston filed the instant motion to dismiss, seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that he was not Plaintiff's employer under the definition of Title VII and, thus, is not a proper defendant for Plaintiff's Title VII claim. *See* Memorandum in Support (Docket Entry No. 29) at 2-3. He

further argues that, to the extent that Plaintiff's complaint can be construed to assert some type of other claim against Defendant Gaston, the complaint fails to set out factual allegations that are sufficient to state a claim. *Id*. at 3-4.[1]

In response, Plaintiff contends that Defendant Gaston should be held responsible under Title VII because he acted as a representative of the TNDOL and he exercised managerial control over other employees. *See* Response in Opposition (Docket Entry No. 31).

## II. STANDARD OF REVIEW

Defendant Gaston's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility

---

[1] On November 9, 2021, the Clerk of Court denied Plaintiff's motion for the entry of default against the other named defendants in this case and specifically advised Plaintiff of the manner in which the state defendants must be served in order for service upon them to be effective. *See* Order Denying Motion for Default Judgment (Docket Entry No. 20). It does not appear from the docket that Plaintiff heeded that advice and took steps to re-serve the state defendants in the proper manner. Defendant is cautioned that failure to properly serve process on all Defendants may result in dismissal.

3

that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III. ANALYSIS

The motion of Defendant Gaston should be granted and he should be dismissed from this lawsuit. Contrary to Plaintiff's argument, Title VII does not provide for liability against an individual defendant, even if the individual acts as a supervisory official, unless the individual otherwise qualifies as an employer under the statute. *See Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997). The TNDOL was clearly Plaintiff's only employer, and there is no basis shown by Plaintiff upon which Defendant Gaston can be deemed to be an employer under Title VII. Accordingly, Plaintiff's Title VII claim should be dismissed as to Defendant Gaston. There is nothing raised by Plaintiff in either his response to the motion to dismiss or his amended complaint that supports an opposite conclusion on this issue.

Plaintiff likewise fails to set out a plausible claim for relief against Defendant Gaston under 42 U.S.C. §1981 or under any other legal theory. First, Plaintiff's assertion that Gaston abused his power and acted in bad faith is conclusory and is unsupported by any factual allegations that are set out in the Complaint. Second, the Complaint contains no allegations of actual conduct on the part of Gaston, let alone conduct that would support a claim that he personally engaged in unlawful discrimination against Plaintiff. Finally, the attachments to Plaintiff's Complaint indicate that, while Defendant Gaston closed Plaintiff's workplace harassment complaint without taking action, the decision to terminate Plaintiff's employment, which is the adverse employment

action at issue, was made by TDOL Commissioner Jeff McCord, not Defendant Gaston. *See* Docket Entry No. 1-1 at 3-4.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the motion (Docket Entry No. 28) of Defendant Fred Gaston to dismiss be GRANTED and that Defendant Gaston be DISMSSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 21.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                                                 Respectfully submitted,

                                                BARBARA D. HOLMES
                                                United States Magistrate Judge