IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HELBERT ARDILA | ) |
| | ) |
| v. | ) NO. 3:20-cv-01066 |
| | ) |
| THE STATE OF TENNESSEE; | ) |
| TENNESSEE DEPARTMENT OF LABOR; | ) |
| TENNESSEE DEPARTMENT OF HUMAN | ) |
| RESOURCES; and FRED GASTON | ) |

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

Plaintiff Helbert Ardila ("Plaintiff") is a resident of Nashville, Tennessee. On December 11, 2020, he filed this *pro se* lawsuit against the State of Tennessee, the Tennessee Department of Labor, the Tennessee Department of Human Resources, and Assistant Commissioner Fred Gaston ("Gaston"), asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 and seeking various forms of relief. *See* Complaint (Docket Entry No. 1). Because Plaintiff paid the full civil filing fee, there was no screening of the complaint and the case was referred to the undersigned Magistrate Judge for pretrial proceedings. *See* Order entered January 5, 2021 (Docket Entry No. 5).

After a short stay was entered in the case while Plaintiff completed administrative proceedings, the case was reopened and Plaintiff attempted to serve Defendants with process. On November 9, 2021, the Clerk of Court denied Plaintiff's motion for the entry of default against Defendants and specifically advised Plaintiff of the manner in which Defendants must be served

in order for service upon them to be effective. *See* Order Denying Motion for Default Judgment (Docket Entry No. 20). However, the docket reflects that only Defendant Gaston was served and appeared in the case. By Order entered August 23, 2022 (the "August 23 Order") (Docket Entry No. 38), the Court granted Defendant Gaston's motion to dismiss and dismissed him from the case. No activity has occurred in the case since the August 23 Order was entered.

Plaintiff was advised in the referral order and in the order entered February 4, 2021 (Docket Entry No. 6), that he was responsible for serving process on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and that the case could be dismissed for failure to complete service of process. Although Plaintiff attempted to serve Defendants, he was advised upon the Clerk's denial of his request for the entry of default about the deficiencies in the manner in which he attempted to serve Defendants and about the proper method of service. Finally, in the Recommendation entered with respect to Defendant Gaston's motion to dismiss, the Court again alerted Plaintiff about the service of process issue. *See* Report and Recommendation (Docket Entry No. 37) at 3, n.1. The docket in the case reflects that Plaintiff has not taken steps to have a summons reissued for service upon the remaining Defendants.

Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Plaintiff has not served the remaining Defendants within the time required by Rule 4(m), this action should be dismissed. Plaintiff was specifically advised in several

orders of the requirement of timely service of process and that the action would be dismissed if process was not timely served on Defendants. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"). This case was filed in December 2020, and Plaintiff has had ample time to complete service of process upon all Defendants.

### RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

3

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

>Respectfully submitted,
>
>_____
>BARBARA D. HOLMES
>United States Magistrate Judge